IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARL A. PERRY, JR., <br> (AIS #: 105161) <br><br> Petitioner, <br><br> vs. <br><br> GARY HETZEL, <br><br> Respondent. | * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION NO.14-00044-KD-B <br> * <br> * <br> * <br> * |

## Report and Recommendation

Carl A. Perry, Jr., a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docs. 1, 3). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon consideration, it is recommended that Perry's petition be **DISMISSED,** and that the Court find that Perry is not entitled to a certificate of appealability, and consequently, is not entitled to appeal *in forma pauperis*.

**I. BACKGROUND FACTS**

On May 18, 1983, Petitioner Perry was convicted of murder and was sentenced the next day, as a habitual offender, to life in prison without the possibility of parole. (Doc. 10 at 1). His conviction and sentence were affirmed on appeal in 1984. See Perry v. State, 453 So. 2d 762 (Ala. Crim. App. 1984). Subsequently, Perry filed three writs of habeas corpus that were denied. See Perry v. Dees, CA: 00-00074-CB-C, (Southern District of Alabama) (Doc. 10 at 2-3). Perry filed a Rule 32 petition on October 15, 1996, which was denied as time-barred. Id. (Doc. 10 at 3). Perry filed a notice of appeal on November 1, 1996 and on January 17, 1997, the Alabama Court of Criminal Appeals affirmed the denial of Perry's Rule 32 petition. See Perry v. State, 706 So. 2d 868 (Ala. Crim. App. 1997). Perry's application for rehearing was denied in February of 1997 and final judgment was issued on March 21, 1997. Perry v. Dees, *supra*. (Doc. 10 at 3). Perry filed another habeas corpus petition in state court in 1999, which was dismissed on September 24, 1999. Id. (Doc. 10 at 3-4).

Subsequent thereto, on December 21, 1999, Perry filed his first federal habeas petition attacking his conviction and sentence. See Id. Perry's petition was dismissed as time-barred. Id. (Docs. 10, 12, 13). Perry filed a notice of appeal and moved for a certificate of appealability, which was denied.

Id. (Docs. 23, 24). Perry appealed to the Eleventh Circuit, which denied his appeal finding that Perry failed to make a showing of denial of constitutional rights, and issued judgment on March 16, 2001. Id. (Docs. 25, 26).

On December 12, 2005, Perry filed a second federal habeas petition attacking his conviction and sentence. Perry v. Hooks, CA-05-00710-WS-C (Southern District of Alabama). This petition was dismissed as successive because Perry failed to seek and obtain authorization from the Eleventh Circuit prior to filing the petition. Id. (Docs. 13, 15, 16). Perry request for leave to proceed on appeal *in forma pauperis* was denied. Id. (Doc. 21). Perry filed a notice of appeal to the Eleventh Circuit, which denied his request for a certificate of appealability and to proceed *in forma pauperis* on appeal. Id. (Docs. 23, 24).

On February 2, 2014[1], Perry filed the instant federal habeas petition. (Doc. 1 at 12). In his petition, Perry argues that the State withheld exculpatory evidence namely, certified copies of his prior offenses that resulted in enhancement of his sentence to life without parole, that his sentence is illegal or

---

[1] Although the notice motion was docketed on June 19, 2009, under the "mailbox rule," the Court deems the motion filed on the date Perry delivered it to prison authorities for mailing, presumptively, February 2, 2014, the day that he signed it. See Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

fraudulent because the State refused to produce a copy of the indictment for thirty (30) years, that the State failed to provide evidence of a prior offense, and double jeopardy. (Doc. 3 at 7-9). In his response, Respondent argues that Perry's petition should be dismissed as successive. (Doc. 10). The Court agrees.

**II. DISCUSSION**

The Court observes that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). A petitioner must seek and obtain this certification "[b]efore a second or successive application. . .is filed in the district court." 28 U.S.C. § 2244(b)(3)(A). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." Lazo v. United States, 314 F.3d 571, 574 (11th Cir. 2002), vacated on other grounds sub nom. Gonzalez v. Sec'y for the Dep't of Corr., 326 F.3d 1175 (11th Cir. 2003), superseding opinion, 366 F.3d 1253 (11th Cir. 2004)(en banc); see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir, 2007)(per curiam); Allen v. United States, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. April 6, 2012).

Absent permission from the Eleventh Circuit authorizing Perry to file a successive petition, this court lacks jurisdiction to address his petition. See Lazo, 314 F.3d at 574; Fredriksen v. United States, 2013 U.S. Dist. LEXIS 127458 (S.D. Ala. August 2, 2013); Allen, *supra*. Perry does not allege and the record does not establish that he sought and obtained permission from the Eleventh Circuit before filing the instant successive petition; thus, this Court is required to dismiss his petition.

Accordingly, it is recommended that Perry's petition be dismissed, and that judgment be entered in favor of the Respondent[2].

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his

---

[2] Also pending before the Court is Perry's Motion for Default Judgment (Doc. 11). Perry's motion is due to be **DENIED**. The record reflects that Respondent was served on February 24, 2014 and timely filed his Answer on April 24, 2014. (Docs. 7, 10). Thus, Perry's motion is without merit. Further, as noted *supra*, this Court is without jurisdiction to entertain his petition.

5

habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter,

6

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Perry's petition does not warrant the issuance of a certificate of appealability, as his petition is clearly successive, and he failed to seek permission from the Eleventh Circuit before filing his successive petition. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Perry's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Perry's petition for habeas

corpus be dismissed with prejudice as successive and that judgment be entered in favor of the Respondent, Gary Hetzel, and against the Petitioner, Carl A. Perry, Jr.  It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **April, 2014**.

                                                                           /s/ SONJA F. BIVINS
                                          **UNITED STATES MAGISTRATE JUDGE**